[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 09-15962
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 9, 2010
JOHN LEY
CLERK

Agency No. A098-863-051

SHENGDI LIN,

                                                          Petitioner,

versus

U.S. ATTORNEY GENERAL,

                                                          Respondent.

_____

Petition for Review of a Decision of the
Board of Immigration Appeals

_____

(June 9, 2010)

Before DUBINA, Chief Judge, CARNES and ANDERSON, Circuit Judges.

PER CURIAM:

Petitioner Shengdi Lin, a citizen and native of China, seeks review of the

decision of the Board of Immigration Appeal ("BIA") affirming the Immigration Judge's ("IJ") order denying Lin's application for asylum, withholding of removal under the Immigration and Nationality Act ("INA"), and relief under the United Nations Convention Against Torture and Other Cruel, Inhuman, or Degrading Treatment or Punishment ("CAT"), 8 U.S.C. §§ 1158, 1231, 8 C.F.R. § 208.16(c).

On review, Lin argues that "[t]he Agency's adverse credibility finding seems as simple as it is conclusory:  Lin *must be* incredible because he amended his asylum application after the former [A]ttorney [G]eneral's decision in *Matter of J-S-,* 24 I&N Dec. 520 (AG 2008)."[1]  Lin contends that *Matter of J-S-,* which was decided after his initial application but before his amended application, invalidated his initial claims, but he does not explain why the case invalidated his initial claims.  In his initial application, Lin only mentioned his wife's forced abortion and sterilization and the fine they received.  Lin seems to contend that the agency erred because its adverse credibility finding was based only on his initial asylum application which differed significantly from his amended asylum application.  Lin argues that the agency failed to cite to any specific discrepancies or implausibilities as to why his amended claim should be disbelieved, other than that his original application and documents in support failed to mention his detention, his beating,

---

[1] In *Matter of J-S*, the Attorney General overruled the BIA's prior holding that the spouse of a person who has been physically subjected to a forced abortion or sterilization procedure is per se entitled to refugee status.

his required attendance at a "birth control study session," and his potential arrest. Lin argues that he left out events from his original application because the person who helped him prepare the application told him not to include his own persecutory experiences because his wife's forced abortion was more serious. Next, Lin argues that his amended submissions were timely because: (1) his additional submissions were not made on the eve of his removal hearing; and (2) he was without help of counsel during most of the proceedings. Finally, Lin argues that a reasonable factfinder would find that he had a reasonable fear of future persecution, and it was more likely than not that he would be persecuted or tortured if he returned to China.

"We review only the [BIA]'s decision, except to the extent that [the BIA] expressly adopts the IJ's opinion" or reasoning. *Al Najjar v. Ashcroft*, 257 F.3d 1262, 1284 (11th Cir. 2001). Here, because the BIA issued its own opinion and did not expressly adopt the IJ's opinion or reasoning, we review only the BIA's decision. "We lack jurisdiction to consider a claim raised in a petition for review unless the petitioner has exhausted his administrative remedies" with respect to that claim. *Amaya-Artunduaga v. U.S. Att'y Gen.,* 463 F.3d 1247, 1250 (11th Cir. 2006) (citing 8 U.S.C. § 1252(d)(1)). In addition, when an appellant fails to offer argument on an issue, or includes only a passing reference to an issue, such an

issue will be deemed abandoned. *Sepulveda v. U.S. Att'y Gen.*, 401 F.3d 1226, 1228 n.2 (11th Cir. 2005).

We review credibility determinations under the substantial evidence test. *Chen v. U.S. Att'y Gen.*, 463 F.3d 1228, 1230-31 (11th Cir. 2006). Under the substantial evidence test, we must affirm the BIA's decision if it is "supported by reasonable, substantial, and probative evidence on the record considered as a whole." *Al Najjar* , 257 F.3d at 1284 (internal quotation marks omitted). The BIA's credibility determinations "can be reversed only if the evidence 'compels' a reasonable fact finder to find otherwise." *Chen*, 463 F.3d at 1230-31 (internal quotation marks omitted).

"To be eligible for asylum, the applicant bears the burden of proving statutory refugee status." *Id.* at 1231; 8 C.F.R. § 208.13(a). "That is, the alien must, with specific and credible evidence, establish (1) past persecution on account of race, religion, nationality, membership in a particular social group, or political opinion; or (2) a well-founded fear of future persecution on account of a statutorily-protected ground." *Chen*, 463 F.3d at 1231. When a petitioner is unable to meet the standard of proof for asylum, he is generally precluded from qualifying for withholding of removal or for relief under the CAT. *Al Najjar*, 257 F.3d at 1292-93, 1304.

4

The BIA must make a "clean" determination of credibility. *See Yang v. U.S. Att'y Gen.*, 418 F.3d 1198, 1201 (11th Cir. 2005) (discussing IJ's credibility determination). "The [BIA] must also offer specific, cogent reasons for an adverse credibility finding." *Forgue v. U.S. Att'y Gen.*, 401 F.3d 1282, 1287 (11th Cir. 2005). "Once an adverse credibility finding is made, the burden is on the applicant alien to show that the [BIA's] credibility decision was not supported by 'specific, cogent reasons' or was not based on substantial evidence." *Id*. (internal quotation marks omitted).

If credible, an alien's testimony may be sufficient, without corroboration, to sustain his burden of proof in establishing his eligibility for relief from removal. *Id.* "Conversely, an adverse credibility determination alone may be sufficient to support the denial of an asylum application." *Ruiz v. U.S. Att'y Gen.*, 440 F.3d 1247, 1255 (11th Cir. 2006) (internal quotation marks omitted). Regardless, "an adverse credibility determination does not alleviate the . . . duty to consider other evidence produced by an asylum applicant." *Forgue*, 401 F.3d at 1287. "Indications of reliable testimony include consistency on direct examination, consistency with the written application, and the absence of embellishments." *Ruiz*, 440 F.3d at 1255.

Based on our review of the record, we conclude that substantial evidence supports the BIA's adverse credibility determination. Because the remaining

evidence in the record does not compel a reversal of the BIA's decision, the BIA properly affirmed the IJ's decision. Furthermore, Lin has abandoned his challenge to the BIA's finding that the IJ did not ignore any of the evidence submitted with the amended application. *Sepulveda*, 401 F.3d at 1228 n.2. Finally, because Lin has not exhausted his claim that the IJ legally erred in allegedly finding that any alien who amends his application after a change in the law must necessarily be lying, we lack jurisdiction to consider the claim. *Amaya-Artunduaga,* 463 F.3d at 1250. Accordingly, we deny the petition in part and dismiss it in part.

**PETITION DENIED in part and DISMISSED in part.**